UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MOWETT,

    Plaintiff,

vs.                                                                                                                                                   Case No. 16-12971

CITY OF DETROIT,                                                          HON. AVERN COHN
STANLEY SAUNDERS,
SCOTT HALL, LISA JACKSON,
JENNIFER MAHONE, and
MARGARET O'NEAL,

    Defendants.
_____/

**MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS (Doc. 12)**[1]

I. Introduction

This is a civil rights action asserting various claims under state and federal law. Plaintiff David Mowett, proceeding pro se, is suing defendants the City of Detroit, and Detroit police officers or employees Stanley Saunders, Scott Hall, Lisa Jackson, Jennifer Mahone, and Margaret O'Neal. The complaint, liberally construed, asserts the following claims:

    false arrest
    malicious prosecution
    false imprisonment
    RICO conspiracy
    assault and battery
    excessive force
    personal injury

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

      loss of property
      slander
      libel
      loss of personal belongings

The complaint cites 42 U.S.C. § 1983 and § 1985.

Before the Court is defendants' motion to dismiss on the grounds that most all of plaintiff's claims are barred by the statute of limitations and the remainder of the claims fail to state a plausible claim for relief. For the reasons that follow, the motion will be granted in part and denied in part.

## II.  Background

According to the complaint, on August 14, 2013, plaintiff was advised by some of the defendant police officers to come to a home in Detroit and provide evidence that plaintiff owned the home. When plaintiff arrived at the home, he was met by some of the defendant police officers. One of the defendant police officers, Stanley Saunders, told plaintiff that he, not plaintiff owned the home and had purchased it from the City. Plaintiff says he informed the defendants that he owned the home and had been making repairs on it. Plaintiff says that Saunders then assaulted him, grabbing plaintiff and throwing him to the ground. Apparently, plaintiff and Saunders presented competing paperwork of ownership to the other defendant police officers at the scene. Defendants apparently believed Saunders owned the home. Plaintiff says he was then arrested. Plaintiff does not say what he was charged with at the time of his arrest. However, he says he was taken into custody and denied medical treatment for his injuries. Plaintiff says a criminal case against him is still pending but does not provide any details about the case.

III. Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 678 (internal quotation marks and citation omitted).

IV. Discussion

A. Federal Claims

1. 42 U.S.C. § 1983

Defendants contend that plaintiff's § 1983 claim, which appears to be based on

excessive force, are barred by the applicable three year statute of limitations. Plaintiff says the claim is timely.

The Sixth Circuit has held that Michigan's three-year statute of limitations for general personal injury claims found in M.C.L. § 600.5805(10) is the applicable statute of limitations for § 1983 claims. McCune v. Grand Rapids, 842 F.2d 903, 905 (6th Cir. 1988). The events are alleged to have taken place on August 14, 2013. Plaintiff filed the complaint on August 15, 2016 which defendants say it one day late. Defendants are mistaken. As plaintiff points out, August 14, 2016 was a Sunday. Plaintiff therefore had an additional day, until August 15, 2016, in which to file a timely complaint. See Fed. R. Civ. P. 6(a)(1)(C). Thus, the claim was timely filed; dismissal is not warranted on this ground.

## 2. 42 U.S.C. § 1985

Defendants contend that plaintiff's conspiracy claim under § 1985 fails to state a plausible claim for relief because defendants, a government entity and its employees, cannot, as a matter of law, conspire with one another. Plaintiff did not address this argument in his response.

It has long been the general rule in the Sixth Circuit in civil conspiracy cases that a corporation cannot conspire with its own agents or employees. Doherty v. American Motors Corp., 728 F.2d 334, 339 (6th Cir. 1984). In Doherty, the Sixth Circuit made clear that "the same rule has been consistently applied in allegations of conspiracy under the Civil Rights Act." Id. The Sixth Circuit has applied the doctrine to section 1985 conspiracy claims, which involve conspiracies by individuals to deprive individuals of their civil rights. See Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of

4

Educ., 926 F.2d 505, 509–10 (6th Cir. 1991). Since Hull, multiple courts within this circuit have applied the intra-corporate conspiracy doctrine to not just section 1985 conspiracy claims, but also to cases involving allegations of conspiracy brought under the wider rubric of section 1983. See, e.g., Upton v. City of Royal Oak, 492 F. App'x 492, 493, 503 (6th Cir. 2012); Wright v. Bloomfield Twp., 2014 WL 5499278, at *15 (E.D. Mich. Oct. 30, 2014); Pardi v. Cnty. of Wayne, 2013 WL 1011280, at *14–15 (E.D. Mich. Mar. 14, 2013); Mauldin v. Napolitano, 2012 WL 2870834, at *5 (E.D. Mich. July 12, 2012). As such, plaintiff's conspiracy claim must be dismissed.

### 3. RICO

Defendants contend that plaintiff has failed to state a viable RICO claim. Plaintiff did not respond to this argument.

The civil RICO statute allows "[any person injured in his business or property" by RICO violations to sue for damages. 18 U.S.C. § 1964(c). A RICO violation requires "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Heinrich v. Waiting Angels Adoption Serv., Inc., 668 F.3d 393, 404 (6th Cir. 2012) (internal quotation marks omitted) (quoting Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985)). "Racketeering activity" is defined to include a number of offenses, such as wire fraud and mail fraud. 18 U.S.C. § 1961(1). A "pattern" consists of at least two violations of the included activities, predicate acts, within the last ten years. 18 U.S.C. § 1961(5).

The complaint fails to mention any of the above elements. It does not meet the minimum pleading requirements. Accordingly, plaintiff's RICO claim must be dismissed.

### B. State Law Claims

1. Libel and Slander

Defendants contend that plaintiff's claims for libel and slander are barred by the one year statute of limitations.  Plaintiff did not respond to this argument.  Under Michigan law, defamation claims (libel and slander) are to be brought within one year of the alleged conduct. M.C.L. § 600.5805(9).  Here, the conduct is alleged to have occurred on August 14, 2013.  The complaint was filed two years later.  As such, these claims must be dismissed as barred by the statute of limitations.

2. Malicious Prosecution, Assault and Battery, and False Imprisonment

Defendants argue that this claim is also time barred.  Malicious prosecution claims are subject to a two year statute of limitations.  M.C.L. § 600.5805(5).  Assault and battery and false imprisonment likewise have a two year statute of limitations. M.C.L. § 600.5805(2).  The complaint, filed three years after the event in question, is not timely as to these claims.  They must be dismissed.

3. Personal Injury, Loss of Property

Defendants contend that these claims are barred by the applicable three year statute of limitations.  M.C.L. § 600.5805(10).  This argument does not carry the day.  Like plaintiff's § 1983 claim, because the last day for the three year statute of limitations was a Sunday, plaintiff had until the next day, August 15, 2016, in which to file a complaint.  Plaintiff did.  Thus, these claims are not barred by the statute of limitations.

V.  Conclusion

For the reasons stated above, defendants' motion is GRANTED IN PART and DENIED IN PART.  Plaintiff's federal conspiracy and RICO claims are DISMISSED. Plaintiff's state law claims for libel, slander, malicious prosecution, assault and battery,

6

and false imprisonment are DISMISSED.

The case continues at this point on plaintiff's § 1983 claim and state law claims for personal injury and property damage.

Within twenty (20) days, plaintiff shall file an amended complaint consistent with this order. Defendants shall file an answer or otherwise respond to the amended complaint within twenty (20) days thereafter.

SO ORDERED.


                                                  S/Avern Cohn
                                                AVERN COHN
                                                UNITED STATES DISTRICT JUDGE

Dated: January 10, 2017
       Detroit, Michigan