UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MOWETT,

        Plaintiff,                                   Case No. 16-12971

vs.                                                   HON. MARK A. GOLDSMITH

CITY OF DETROIT, STANLEY
SAUNDERS, SCOTT HALL, and
JENNIFER MAHONE,

        Defendants.
_____/

## OPINION AND ORDER
## GRANTING DEFENDANTS CITY OF DETROIT, SCOTT HALL AND JENNIFER MAHON'S MOTION FOR SUMMARY JUDGMENT (Dkt. 23)

This matter is before the Court on a motion for summary judgment filed by Defendants the City of Detroit, Scott Hall, and Jennifer Mahon. Claiming that he suffered injuries as a result of an altercation and arrest, Plaintiff David Mowett, proceeding pro se, sued the following Defendants under federal and state law: the City of Detroit, Stanley Saunders, Scott Hall, Lisa Jackson, Jennifer Mahon, and Margaret O'Neal.[1] Because oral argument will not aid in the decisional process, the motion will be decided based on Defendants' papers. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).[2] For the reasons stated below, the Court grants Defendants' motion for

---

[1] Mowett's claim against Saunders is the subject of Mowett's request for entry of a default judgment (Dkt. 36). The claims against Jackson and O'Neal were dismissed after Mowett failed to prosecute. See 1/14/20 Order (Dkt. 32).

[2] Mowett's response to the motion was stricken, as it was non-compliant with court rules and orders. See 1/21/20 Order (Dkt. 39). Therefore, the response plays no part in the Court's decision.

1

summary judgment (Dkt. 23), and dismisses as moot the City of Detroit's pending motion to dismiss (Dkt. 41).

## I. BACKGROUND

The background facts relevant to this motion are taken from Defendants' statement of material facts. See generally Defs. Statement of Material Facts ("SOMF") (Dkt. 23-1).

On August 14, 2013, Mowett became involved in a property dispute with Defendant Stanley Saunders at the location of 3840 Grayton in the City of Detroit. Id. ¶ 3. At approximately 9:00 p.m., Defendant Hall was on duty as a Detroit Police Officer assigned to the 9th Precinct. Id. ¶ 4. Hall responded to a call regarding a disturbance at the property, resulting from Mowett's and Saunders's dispute. Id. ¶ 5. When he arrived, Hall spoke to Mowett and Saunders and reviewed conflicting documents each produced regarding ownership of the property. Id. ¶ 6. Hall informed Mowett and Saunders that it was a civil matter to be decided by the courts and ordered them not to enter the property or remove anything from the property. Id.

Mowett told Hall that he was going to enter the property. Id. ¶ 7. Hall told Mowett that he would be arrested if he did so. Id. Mowett then attempted to enter the property and was arrested by Hall for attempted trespass and disturbing the peace. Id. Mowett was transported to the 9th Precinct for processing, and was later released on bond. Id. ¶¶ 7-8. He filed this lawsuit two years later.

The initial complaint (Dkt. 1), liberally construed, asserted the following claims: false arrest, malicious prosecution, false imprisonment, RICO conspiracy, assault and battery, excessive force, personal injury, loss of property, slander, libel, loss of personal belongings, and violations of 42 U.S.C. §§ 1983 and 1985. The City of Detroit, Hall, and Mahone filed a motion to dismiss, which was granted in part, resulting dismissal of Mowett's claims under § 1985, RICO, libel,

slander, malicious prosecution, assault, battery, false arrest, and false imprisonment. See 1/10/17 Order (Dkt. 14). The ruling left in place only Mowett's claim for excessive force under § 1983 and the state law claims for "personal injury and property damage." Mowett was directed to file an amended complaint asserting only those claims. Id. He did so. Am. Compl. (Dkt. 15). However, the amended complaint did not comply with the Court's order, as it included dismissed claims and added new claims without seeking leave for doing so.

Thereafter, the City of Detroit, Hall, and Mahon filed a motion for summary judgment, seeking dismissal of all claims asserted against them.[3] The Court's analysis for granting the motion follows.

## II. STANDARD OF REVIEW

A motion for summary judgment under Federal Rule of Civil Procedure 56 shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when there are "disputes over facts that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Once the movant satisfies its initial burden of demonstrating the absence of any genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing

---

[3] Although styled a motion for "partial" summary judgment, it is clear that the Defendants are seeking summary judgment on all claims.

a triable issue of material fact. Scott, 550 U.S. at 380; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," Scott, 550 U.S. at 380 (quoting Matsushita, 475 U.S. at 586), as the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment," id. (quoting Anderson, 477 U.S. at 247-248) (emphasis in original); see also Babcock & Wilcox Co. v. Cormetech, Inc., 848 F.3d 754, 758 (6th Cir. 2017) ("A mere scintilla of evidence or some metaphysical doubt as to a material fact is insufficient to forestall summary judgment.").

### III. ANALYSIS

**A. Mowett's Claims**

As an initial matter, it is important to discern what claims are properly set forth in the amended complaint. As noted above, Mowett asserted many claims that go beyond what the Court allowed in its ruling on the motion to dismiss.[4] However, the only claims that are properly asserted are: (1) a claim under § 1983 for unconstitutional policies and customs "for failure to train, supervise or control" against the City of Detroit, (2) § 1983 claims for excessive force against Hall and Mahon, and (3) a conversion claim against Hall and Mahon.

---

[4] The following are all of the claims asserted: (1) a claim under § 1983 for unconstitutional policies and customs "for failure to train, supervise or control" against the City of Detroit; (2) a claim under § 1983 for "willful and malicious violations," "false arrest and imprisonment" against Hall; (3) a claim under § 1983 for "malice and fraud of papers, documents, statements" against the City of Detroit, Hall, and Mahon; (4) a claim under § 1983 for "wrongful, dominion, unjust enrichment of Mowett's property/belongings" against Hall and Mahon; (5) a claim under § 1983 for "excessive force" against Hall; (6) a claim under § 1988 for "breach of statutory duty" against unspecified Defendants; (7) conversion against Hall and Mahon; (8) assault and battery against Hall, (9) libel and slander against unspecified Defendants; (10) fraud and concealment against unspecified Defendants; (11) "tortious interference and impairments" against unspecified Defendants; (12) infliction of emotional distress against unspecified Defendants; (13) failure to provide medical attention against unspecified Defendants; and (14) gross negligence against the City of Detroit.

**B. Section 1983**

Defendants contend that they are entitled to summary judgment on Mowett's § 1983 claims against the City of Detroit, Mahon, and Hall. To establish a cause of action under section 1983, Mowett must establish two elements: (i) a deprivation of a right secured by the Constitution or laws of the United States (ii) caused by a person acting under color of state law. Hunt v. Sycamore Comm. Sch., 542 F.3d 529, 534 (6th Cir. 2008).

As to the individual officers, Mowett's claims fail. Regarding Mahon, Mowett has made no allegations of wrongdoing against her. At a minimum, "a plaintiff must allege that the official 'at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct.'" Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (quoting Hays v. Jefferson Cty., Ky., 668 F.2d 869, 874 (6th Cir.1982)). Mowett's failure to allege that Mahon did anything to violate his constitutional rights warrants that the claims against her be dismissed. See id.

As to Hall, Mowett alleges that during his arrest, Hall twisted his arm, causing injury. The record, however, does not support this allegation. Defendants contend that no constitutional violation occurred. Defendants' statement of material facts, which is uncontroverted, reveals no wrongdoing by Hall, i.e., it shows that Hall used only the minimal force necessary to effectuate Mowett's arrest. Having met its summary judgment burden, Mowett cannot rest on upon the allegation in the complaint. Once a moving defendant makes its initial showing, the burden shifts to the plaintiff to provide evidence beyond the pleadings, "set[ting] forth specific facts showing that there is a genuine issue for trial." Moldowan v. City of Warren, 578 F.3d 351, 374 (6th Cir.

2009). His failure to do so means that Hall is entitled to summary judgment. See Banks v. Wolfe Cty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e).

Defendants also contend that Hall is entitled to qualified immunity. Under the doctrine of qualified immunity, "'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Moldowan, 578 F.3d at 374 (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "[Q]ualified immunity applies irrespective of whether the official's error was a mistake of law or a mistake of fact, or a mistake based on mixed questions of law and fact." Hall v. Sweet, 666 F. App'x 469, 477–78 (6th Cir. 2016) (citing Pearson v. Callahan, 555 U.S. 223, 231 (2009)).

While Mowett has a right to be free from excessive force – which is a clearly established right, see Champion v. Outlook Nashville, Inc., 380 F.3d 893, 902 (6th Cir. 2004) – there is "a de minimis level of [force] with which the Constitution is not concerned." Hanson v. Madison Cty. Det. Ctr., 736 F. App'x 521, 530 (6th Cir. 2018) (quoting Bell v. Wolfish, 441 U.S. 520, 539 n.21 (1979)). So "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Id. (quoting Graham, 490 U.S. at 396). Here, at best, there is an allegation that Hall grabbed Mowett's arm and twisted it during the arrest, presumably in handcuffing Mowett. This is precisely the type of de minimis force for which Hall enjoys qualified immunity. See Sevy v. Barach, No. 17-13789, 2019 WL 3556706, at *8 (E.D. Mich. Aug. 5, 2019) (officer entitled to qualified immunity where evidence showed use of minimal force).

As for the City of Detroit, it cannot be held liable under section 1983, because the individual officers did not commit any constitutional violation. Under a theory of municipal

6

liability, "a local government may be held monetarily liable for violating federally protected rights under § 1983 only where a policy or custom of the county inflicts the injury." Peach v. Smith Cty., Tenn., 93 F. App'x 688, 692 (6th Cir. 2004) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). However, a municipality "cannot be liable under § 1983 absent an underlying constitutional violation by its officers." Blackmore v. Kalamazoo Cty., 390 F.3d 890, 900 (6th Cir. 2004). The failure of a plaintiff to demonstrate the violation of a constitutional right means that a Monell claim fails as a matter of law. Peach, 93 F. App'x at 692; Ryan v. Hazel Park, 279 F. App'x 335, 339 (6th Cir. 2008) ("Because we find no underlying constitutional violation by the City's officers, the district court also correctly dismissed Ryan's claims against the City."); Boykin v. Van Buren Twp., 479 F.3d 444, 450 (6th Cir. 2007) ("The district court was also correct in holding, in light of its finding that there was no constitutional violation committed by Officers Hayes or Harrison, that Boykin's claim of municipal liability necessarily fails." (quotation marks omitted)). Because Mowett has failed to establish a constitutional violation by either Mahon or Hall, he has no claim against the City of Detroit. Summary judgment is required.

**C. Conversion**

"Conversion, both at common law and under the statute, is defined as any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein." Aroma Wines & Equip., Inc. v. Columbian Distrib. Servs., Inc., 844 N.W.2d 727, 730 (Mich. Ct. App. 2013), aff'd 871 N.W.2d 136 (2015) (quotation marks and citation omitted). Conversion is "an intentional tort in the sense that the converter's actions are willful . . . ." Magley v. M & W Inc., 926 N.W.2d 1, 5–6 (Mich. Ct. App. 2018).

Mowett's conversion claim against Mahon and Hall is also subject to summary judgment because Mowett has offered no evidence in support. Moreover, the claim as alleged in the

7

amended complaint is not plausibly plead as it lacks any detail as to what property was allegedly converted and how either Mahon or Hall acted wrongfully with respect to Mowett's property. The claim fails under either a summary judgment standard or under Federal Rule of Civil Procedure 12(b)(6).

### III.  CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment (Dkt. 23) is granted, and the City of Detroit's pending motion to dismiss (Dkt. 41) is dismissed as moot.

SO ORDERED.

Dated: January 29, 2020  
   Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge