UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MOWETT,

       Plaintiff,

vs.

CITY OF DETROIT, STANLEY
SAUNDERS, SCOTT HALL, and
JENNIFER MAHONE,

       Defendants.
_____/

Case No. 16-12971

HON. MARK A. GOLDSMITH

**OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ENTRY
OF DEFAULT JUDGMENT (Dkt. 36); ENTERING A DEFAULT JUDGMENT
AGAINST STANLEY SAUNDERS ON PLAINTIFF'S FEDERAL CLAIM; AND
DISMISSING PLAINTIFF'S STATE LAW CLAIMS WITHOUT PREJUDICE**

This matter is before the Court on Plaintiff David Mowett's request for entry of a default judgment against Defendant Stanley Saunders (Dkt. 36). For the reasons that follow, Mowett's motion is granted in part and denied in part. A judgment will enter against Saunders on Mowett's federal claim in the amount of $500.00, and Mowett's state law claims against Saunders will be dismissed without prejudice.

**I. BACKGROUND**

According to the amended complaint, on or about August 14th, 2013, Mowett was advised by Saunders to go to the home at 3840 Grayton in the City of Detroit, which was in the process of being repaired. Am. Compl. ¶ 9 (Dkt. 15). Saunders also told Mowett to bring documentation establishing ownership of the home. Id. Mowett went to the home, where he was met by Saunders. Id. ¶¶ 10-11. Saunders told Mowett he was a Detroit police officer and that he had purchased the

1

home from the City of Detroit. Id. ¶¶ 11, 13. Mowett showed Saunders documentation that he owned the home and had been working on repairing it for over a year. Id. ¶¶ 12, 15. Saunders told Mowett that he had instructed others to remove Mowett's belongings from the home. Id. ¶ 14. Mowett then says that Saunders "suddenly became very erratic and . . . physically assaulted Mr. Mowett[,] violently grabbed Mr. Mowett by his arms, torso and neck[,] and threw Mr. Mowett to the ground. Mr. Mowett landed three feet off the porch and sustained multiple injuries." Id. ¶ 16.

Mowett filed this action on August 15, 2016 against Saunders and others. A summons was issued for Saunders on November 7, 2016 (Dkt. 4), and was returned executed on November 11, 2016 (Dkt. 7). Saunders failed to answer or otherwise appear in the case. Accordingly, on January 13, 2020, the Clerk entered a default against Saunders (Dkt. 30). Mowett then filed the present motion for default judgment (Dkt. 36). Because the motion did not provide evidence of Mowett's damages, the Court directed Mowett to file a memorandum on damages with supporting evidence (Dkt. 40). Mowett filed a memorandum with attached exhibits (Dkt. 43).[1]

## II. LEGAL STANDARD

In determining whether entry of a default judgment is warranted, "the district judge is required to exercise sound judicial discretion." Wright & Miller, 10A Federal Practice & Procedure, § 2685 (3d ed. 1998) (collecting cases). "Once the court determines that a judgment by default should be entered, it will determine the amount and character of the recovery that should be awarded." Id. § 2688; see also Fed. R. Civ. P. 55. As to damages, "[t]he allegations in the complaint . . . are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Vesligaj v. Peterson, 331 F. App'x

---

[1] The Court ordered Mowett to file the memorandum by noon on January 30, 2020. Mowett filed the memorandum a day late, on January 31, 2020. Despite its untimeliness and despite Mowett's history of late and non-compliant filings, the Court has considered Mowett's filing.

351, 355 (6th Cir. 2009) (quoting Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)).

### III. ANALYSIS

Mowett asserts claims under state and federal law against Saunders. Specifically, he asserts a federal claim under 42 U.S.C. § 1983 for excessive force and state law claims for personal injury and property damage. Pursuant to 28 U.S.C. § 1367(c)(4),[2] the Court declines to extend supplemental jurisdiction over Mowett's state law claims, because the federal claim is now being concluded, and the state claims were pled in conclusory fashion, without specific facts or evidence presented to support an award. These claims are dismissed without prejudice.

Turning to Mowett's excessive force claim, it is clear that Mowett is entitled to a default judgment of liability against Saunders. Saunders did not respond to the complaint, and the Clerk entered a default against Saunders. The next question is whether Mowett is entitled to damages, and if so, the amount of damages to be awarded. As noted above, Mowett's initial filing failed to set forth evidence of damages. However, his supplemental filing fills that gap.

Default on an excessive force claim "does not, as a matter of law, entitle the victim to an award of compensatory damages." Early v. City of Dayton, 103 F.3d 129 (6th Cir. 1996) (Table) (citing Haywood v. Koehler, 78 F.3d 101, 104 (2d Cir. 1996)). Mowett claims he sustained serious injuries to his left shoulder and neck area when Saunders pushed him off the porch. However, an x-ray was negative for fractures or dislocation. Mowett was prescribed medication to manage his

---

[2] 28 U.S.C. § 1367(c)(4) provides:
    The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
    . . .
    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

pain and instructed to use over-the-counter sports creams. Mowett's subjective complaints of serious pain and injury are not supported by the record. In light of the medical evidence, the Court in its discretion finds that Mowett is entitled to damages in the amount of $500.00 for his Eighth Amendment excessive-force claim against Saunders.

## IV. CONCLUSION

For the reasons set forth above, Mowett's motion for default judgment against Saunders is granted in part and denied in part. A judgment shall enter in favor of Mowett and against Saunders on Mowett's federal claim in the amount of $500.00, and his state law claims against Saunders are dismissed without prejudice.

SO ORDERED.

Dated: February 19, 2020  
      Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge